UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JAMES MICHAEL LEASING CO., LLC,**
        Plaintiff,

   v.                                              Case No. 11-C-0747

**PACCAR INC., d/b/a Kenworth Truck Company,**
        Defendant.

## ORDER

In this case, James Michael Leasing Company, LLC, alleges that PACCAR Inc., d/b/a Kenworth Truck Company ("PACCAR") violated Wisconsin's lemon law. JM Leasing filed its complaint in state court, and PACCAR removed the case to this court, asserting that jurisdiction is proper under 28 U.S.C. § 1332. In its notice of removal, PACCAR alleged that the amount in controversy exceeds $75,000, exclusive of interest and costs. JM Leasing has not contested that allegation. However, after reviewing the parties' cross motions for summary judgment, I began to doubt that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal. See Carroll v. Stryker Corp., 658 F.3d 675, 680–81 (7th Cir. 2011) (stating that amount in controversy is evaluated at time of removal and that court has independent obligation to ensure that amount-in-controversy requirement is satisfied). Having gone back and reviewed the complaint and the notice of removal, I still am not satisfied that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal.

The plaintiff in its complaint demanded a refund of the amounts it paid for the vehicle at issue in this case, a Kenworth semi-truck, pursuant to Wis. Stat.

§ 218.0171(2)(b)2.b. In its notice of removal, PACCAR alleged that the purchase price of the truck was $135,697.00 and that therefore the amount in controversy exceeded the jurisdictional threshold. The problem with this, however, is that the approximate value of the truck at the time of removal should have been subtracted from the purchase price, since to receive a refund the plaintiff would have been required to transfer title to the truck to PACCAR. See Wis. Stat. § 218.0171(2)(c). Moreover, the plaintiff in its complaint did not allege that it was entitled to both keep the truck and receive a refund of the entire purchase price. Thus, if the plaintiff prevailed and obtained rescission of the purchase contract, the result would be that the plaintiff would receive $135,697.00 and PACCAR would receive the truck. The true amount in controversy, then, was the difference between the purchase price of the truck and the approximate value of the truck at the time of removal. Neither the complaint nor the notice of removal contains allegations indicating that this difference was anything close to $75,000, and so I am not satisfied that the amount-in-controversy requirement has been met.[1]

As the party removing the case to federal court, PACCAR had the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied. See Carroll, 658 F.3d at 680. That burden has not been carried. To determine how to proceed, I will order that the parties appear at a status

---

[1] It is possible that the amount in controversy could be estimated using remedies other than rescission, but the rescission remedy is the one that PACCAR relied on in its notice of removal, and it is not obvious to me that the amount in controversy exceeds $75,000 under any other remedy, such as the statutory remedy of awarding the plaintiff "twice the amount of any pecuniary loss." See Wis. Stat. § 218.0171(7). Nothing in the complaint or the notice of removal indicates that twice the amount of plaintiff's pecuniary loss is greater than $75,000.

conference, at which time they should be prepared to discuss whether the amount-in-controversy requirement has been satisfied.  In addition, it strikes me that this case is a good candidate for mediation, and thus the parties should be prepared to discuss the possibility of mediation at the status conference.

Accordingly, **IT IS ORDERED** that a status conference will be held on **October 31, 2012 at 11:00 a.m.** in Room 390, 517 E. Wisconsin Ave., Milwaukee, Wisconsin.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

3

Case 2:11-cv-00747-LA   Filed 10/16/12   Page 3 of 3   Document 39