UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAMES MICHAEL LEASING CO., LLC,**
      Plaintiff,

   v.                                                   Case No. 11-C-0747

**PACCAR INC., d/b/a Kenworth Truck Company,**
      Defendant.

---

## DECISION AND ORDER

In this case, James Michael Leasing Company sues PACCAR Inc. for violation of Wisconsin's lemon law, Wis. Stat. § 218.0171. In a prior order, I addressed the parties' motions for summary judgment and determined that PACCAR had violated the lemon law by failing to accept return of the lemon vehicle and issue a refund within thirty days, and that James Michael Leasing was entitled to the remedies specified in Wis. Stat. § 218.0171(7), including twice the purchase price of the vehicle less a reasonable allowance for use. See James Michael Leasing Co. v. PACCAR Inc., __ F. Supp. 2d __, 2012 WL 5839246 (E.D. Wis. Nov. 19, 2012). PACCAR has filed a motion asking that I reconsider that decision and makes two arguments in support of its request for reconsideration. I address those arguments below.

PACCAR first argues that I failed to address its argument that James Michael Leasing's "pecuniary loss" is limited to the difference between the amount of the reasonable-use allowance it proposed to deduct from James Michael Leasing's refund and the amount that the jury ultimately determines is the proper amount. However, I addressed PACCAR's arguments concerning the amount of James Michael Leasing's pecuniary loss

in Part II.A of my prior order. As I explained there, the Wisconsin Supreme Court has established that when a manufacturer fails to accept return of a lemon vehicle and issue a refund within thirty days, the consumer's "pecuniary loss" includes twice the amount of the full purchase price of the vehicle. See Hughes v. Chrysler Motor Corp., 197 Wis. 2d 973, 982–84 (1996). As I also explained there, in this case PACCAR did not accept return of the lemon vehicle and did not issue a refund within thirty days. Therefore, PACCAR is liable for twice the amount of the full purchase price of the vehicle. PACCAR again points out that it attempted to issue partial refunds to James Michael Leasing within the thirty-day period, but that fact is irrelevant, since PACCAR ultimately refused to accept return of the lemon vehicle or issue any refund unless James Michael Leasing agreed to waive its right to contest PACCAR's reasonable-use calculation. Thus, the net result was that PACCAR did not accept return of the vehicle and did not issue any refund within the thirty-day period, and so it is liable for twice the amount of a proper refund.

PACCAR's second argument is that awarding James Michael Leasing twice the purchase price of the vehicle as a remedy would violate due process. PACCAR contends that the actual harm it caused James Michael Leasing was no more than $3,386.98, which is the difference between the amount of the reasonable-use allowance it proposed to deduct from James Michael Leasing's refund and the amount that James Michael Leasing thought PACCAR was allowed to deduct. PACCAR further contends that an award of twice the amount of the purchase price of the vehicle will be in excess of $350,000. PACCAR contends that imposing a statutory penalty that is more than 100 times the size of the plaintiff's actual harm violates the Due Process Clause of the Fourteenth Amendment.

In St. Louis, Iron Mountain & Southern Railway Co. v. Williams, the Supreme Court held that statutory penalties are subject to review under the Due Process Clause and that a penalty may be invalidated "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." 251 U.S. 63, 66–67 (1919). However, in that case, the Court also held that statutory penalties need not be "confined or proportioned" to the plaintiff's "loss or damage." Id. at 66. The Court explained that statutory penalties are designed to vindicate a "public wrong" rather than to compensate a specific plaintiff for a "private injury." Id. Thus, statutory penalties must be proportioned to the state's interest in encouraging compliance with the underlying law rather than to the harm caused to the plaintiff by the specific violation at issue in the case. Id. at 67 (stating that constitutionality of statutory penalty is "not to be tested" by comparing its size to the amount of harm caused by a single violation).

In the present case, PACCAR does not contend that awarding double the purchase price of the lemon vehicle is "wholly disproportioned" to Wisconsin's interest in ensuring that manufacturers voluntarily comply with the lemon law. Rather, PACCAR argues that the specific award at issue in this case is disproportioned to the amount of James Michael Leasing's actual harm. But again, under Williams, the amount of James Michael Leasing's actual harm is irrelevant to the constitutionality of the statutory penalty. PACCAR attempts to make the relationship between the penalty and the actual harm relevant by pointing to the three "guideposts" for testing the constitutionality of large awards of punitive damages. See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003); BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 574–75 (1996). However, all of the circuits to have addressed the question have held that those guideposts do not apply to statutory penalties.

3

See Capitol Records, Inc. v. Thomas-Rasset, 692 F.3d 899, 907–08 (8th Cir. 2012); Vanderbilt Mortgage & Fin., Inc. v. Flores, 692 F.3d 358, 373–74 (5th Cir. 2012); Zomba Enters., Inc. v. Panorama Records, Inc., 491 F.3d 574, 586–87 (6th Cir. 2007). Although PACCAR correctly notes that the Seventh Circuit has not yet addressed the question, I see no reason for it to disagree with the approach of the other circuits.[1] Thus, I will not apply the three guideposts in this case.

Accordingly, **IT IS ORDERED** that PACCAR's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2013.

                                        s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge

---

[1] PACCAR points out that in Parker v. Time Warner Entertainment Co., 331 F.3d 13, 22 (2d Cir. 2003), the Second Circuit cited Campbell and Gore in the course of noting that use of a class action could distort a statutory-penalty scheme and result in an extraordinarily large statutory penalty that poses due-process concerns. However, in Parker, the court did not hold that the three guideposts were applicable to statutory damages, and in any event it seems that the court's concerns over the effect of class actions on statutory penalties could be adequately addressed under Williams, which requires comparison of the size of the penalty to the size of the public harm. Thus, nothing in Parker suggests that the other circuits' refusal to apply the punitive-damages guideposts to statutory penalties is erroneous.

4