STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

11CV000402

ALISON A. SAGAL,
338A Lake Drive
Random Lake, Wisconsin 53075,

    Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC, d/b/a MINI,
a foreign corporation,
300 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07675,

and

INTERNATIONAL AUTOS, INC.,
a foreign corporation,
2400 South 108th Street
West Allis, Wisconsin 53227,

    Defendants.

**COMPLAINT**
Case No.
Code No. 30703
Unclassified

The amount claimed is
greater than the amount
under sec. 799.01(1)(d),
Wis. Stats.



FILED AND
AUTHENTICATED
JAN 06 2011
JOHN BARRETT
Clerk of Circuit Court

NOW COMES the above-named Plaintiff, by her attorneys, Aiken & Scoptur, S.C., and as and for claims against the above-named defendants, alleges and shows to the Court as follows:

## FIRST CLAIM

As and for a claim against the defendant, BMW of North America, LLC, d/b/a MINI, the Plaintiff alleges:

1.    That the Plaintiff, Alison A. Sagal, is an adult residing at 338A Lake Drive, Random Lake, Wisconsin 53075; that said Plaintiff is a "consumer," as that term is defined in sec. 218.0171(1)(b), Wis. Stats. and sec. 15 U.S.C. 2301(3).

1



EXHIBIT F

2. That upon information and belief, the defendant, BMW of North America, LLC, d/b/a MINI ("MINI"), is a foreign corporation duly authorized and licensed to do business in the State of Wisconsin and is engaged in the manufacture and sale of motor vehicles, including new motor vehicles, through its duly authorized dealers in the State of Wisconsin and elsewhere; that upon information and belief, its principal offices are located at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07675; that the registered agent for said defendant in the State of Wisconsin is C T Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin 53717; that said defendant is a "manufacturer," as that term is defined in sec. 218.0171(1)(c), Wis. Stats., and a "warrantor," as that term is defined in sec. 15 U.S.C. 2301(5).

3. That upon information and belief, the defendant International Autos, Inc. ("International Autos"), is a foreign corporation duly authorized and licensed to do business in the State of Wisconsin with its principal place of business located at 2400 South 108th Street, West Allis, Wisconsin 53227; that the registered agent for said defendant is Thomas H. Dexter, 2400 South 108th Street, West Allis, Wisconsin 53227; that upon information and belief, the defendant International Autos, was at all times material hereto, an authorized "motor vehicle dealer," as that term is defined in sec. 218.0171(1)(e), Wis. Stats., a "supplier" and/or "warrantor," as those terms are defined in sec. 15 U.S.C. 2301(4) and sec. 15 U.S.C. 2301(5), and an agent of the manufacturer, the defendant MINI.

4. That on or about December 20, 2007 the Plaintiff purchased from the defendant, International Autos, a 2007 MINI Cooper, vehicle identification number

2

WMWMF73547TT80997, as more fully set forth in copies of the Motor Vehicle Purchase Contract and Wisconsin Title & License Plate Application which are attached hereto, incorporated by reference herein and collectively marked as Exhibit A; that the Plaintiff received delivery of said 2007 MINI Cooper on or about December 20, 2007; that said 2007 MINI Cooper is a "motor vehicle," as that term is defined in sec. 218.0171(1)(d), Wis. Stats., and a "consumer product," as that term is defined in sec. 15 U.S.C. 2301(1).

5. That upon information and belief, the full purchase price of said 2007 MINI Cooper was $29,953.00, including service fees of $118.00, plus sales tax in the sum of $1,497.65, plus title, loan filing, license plate, and electronic title/license plate filing fees in the sum of $123.50, plus possible other charges; that upon information and belief, the Plaintiff financed said purchase price.

6. That a MINI new vehicle manufacturer's warranty was provided by the defendant, MINI, to the Plaintiff at time of said purchase; that as part of said purchase, said 2007 MINI Cooper was warranted in writing to be free from mechanical and other defects.

7. That during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, said 2007 MINI Cooper was out of service for more than 30 days because of warranty nonconformities; that conditions or defects included, but were not necessarily limited to, problems with the engine, turns over but will not start, knee bolster is loose, steering column piece is loose,

knee bolster clips, clamp, car pulls to the left, tail pipe extensions, cigarette lighter socket loose, and electrical.

8. That upon information and belief, during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, said 2007 MINI Cooper has been the subject of four unsuccessful attempts to repair the same warranty nonconformity (or nonconformities) as that term is defined in sec. 218.0171(1)(f), Wis. Stats.; that upon information and belief, the warranty nonconformity or nonconformities continued thereafter.

9. That on October 20, 2010 the Plaintiff sent notice to the defendant MINI, of such conditions or defects and demanded that the defendant, MINI, accept the return of said 2007 MINI Cooper and provide the Plaintiff with a refund calculated in accordance with the Lemon Law; that a true and accurate copy of said notice is attached hereto, incorporated herein by reference and marked as Exhibit B.

10. That despite said notice, the defendant, MINI, failed or refused to provide the appropriate relief provided for the by the Lemon Law sought by the Plaintiff in a timely manner without imposing conditions not required by the Wisconsin Lemon Law.

11. That upon information and belief, no certified informal dispute settlement procedure, as defined in sec. 218.0171(4), Wis. Stats., is available to the Plaintiff; that consequently, the Plaintiff may bring this action pursuant to sec. 218.0171, Wis. Stats.

12. That since said 2007 MINI Cooper has been out of service a total of thirty (30) or more days due to warranty nonconformities, the defendant, MINI, violated sec. 218.0171, Wis. Stats., entitling the Plaintiff to the choice of either a comparable new

motor vehicle or rescission of the afore-described purchase agreement, and the refund of all the monies described herein that were paid by the Plaintiff, together with all other relief provided for by such law; that alternatively, since said 2007 MINI Cooper was made available on at least four occasions for the repair of the same warranty nonconformity (or nonconformities) that substantially impairs the use, value or safety of said 2007 MINI Cooper, and the warranty nonconformity (or nonconformities) continued thereafter, the defendant, MINI, has violated sec. 218.0171, Wis. Stats., entitling the Plaintiff to the choice of either a comparable new motor vehicle or rescission of the afore-described purchase agreement, and the refund of all monies described herein that were paid by the Plaintiff, together with all other relief provided for by such law.

## SECOND CLAIM

In the alternative to the First Claim, as and for a claim against the defendant, MINI, the Plaintiff alleges:

13. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained above in paragraphs 1 through 12, inclusive, as if fully set forth herein.

14. That during the term of said warranty, and within the earlier of one year from the date of delivery of said 2007 MINI Cooper or the expiration of said warranty, the Plaintiff reported nonconformities, as that term is defined in sec. 218.0171(1)(f), Wis. Stats., to the defendant, MINI, and to said defendant's authorized motor vehicle dealer; that said nonconformities substantially impair the use, value or safety of said 2007 MINI

5

Cooper; that conditions or defects included, but were not necessarily limited to, problems with the engine.

15. That during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, the Plaintiff made her 2007 MINI Cooper available to the defendant, MINI, and to said defendant's authorized motor vehicle dealer, for repair of nonconformities.

16. That despite the fact that Plaintiff reported nonconformities to the defendant, MINI, and to said defendant's authorized motor vehicle dealer, and despite the fact that the Plaintiff made her 2007 MINI Cooper available for repair to the defendant, MINI, and to said defendant's authorized motor vehicle dealer, nonconformities were not repaired.

17. That since nonconformities that substantially impair the use, value or safety of said 2007 MINI Cooper were not repaired, the defendant, MINI, has violated sec. 218.0171, Wis. Stats. entitling the Plaintiff to bring the instant action and recover for all damages caused by such violation of sec. 218.0171, Wis. Stats.

### THIRD CLAIM

As and for an alternative claim against the defendants, the Plaintiff alleges:

18. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained above in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. That the defendants obligated themselves under the terms of a written warranty or warranties and/or under the terms of a written inspection form to perform warranty service and to perform repairs within a stated period.

20. That upon information and belief, the defendants failed to remedy defects or malfunctions within a reasonable time with said 2007 MINI Cooper during the warranty period; that the problems experienced by the Plaintiff with her 2007 MINI Cooper during the warranty period included, but were not necessarily limited to, problems with engine, turns over but will not start, knee bolster is loose, steering column piece is loose, knee bolster clips, clamp, car pulls to the left, tail pipe extensions, cigarette lighter socket loose, electrical, check engine light comes on, vehicle runs rough, iced throttle, frozen throttle, vehicle not able to go faster than 8 mph, fault diagnosis stored for throttle jammed, brake service light on, service engine light comes on, knocking cylinder, spark plug defective, ignition coil fault, intake manifold, vehicle hard to start, fuel pump, pump valve, and thermostat; that upon information and belief, the defendants violated the terms of an express warranty or warranties granted to the Plaintiff.

21. That upon information and belief, the Plaintiff's 2007 MINI Cooper failed to conform with a warranty or warranties provided by the defendants; that further; the defendants have failed to comply with their obligations under a written warranty or warranties and/or an applicable implied warranty or warranties.

22. That the defendants have violated the terms of the Magnuson-Moss Warranty Act – Federal Trade Commission Improvement Act, 15 U.S.C. 2301 et seq.

23. That upon information and belief, no informal dispute settlement procedure, as defined in sec. 15 U.S.C. 2310, is available to the Plaintiff; that consequently, the Plaintiff may bring this action pursuant to sec. 15 U.S.C. 2310(d).

24. That since the defendants have violated the Magnuson-Moss Warranty Act – Federal Trade Commission Improvement Act, 15 U.S.C. 2301 et seq., the Plaintiff is entitled to a refund or damages as described therein together with all other relief provided for by such law.

WHEREFORE, the Plaintiff demands judgment against the defendants as follows:

(a) For a refund to the Plaintiff and any holder of a perfected security interest in the 2007 MINI Cooper that is the subject of this matter of the full purchase price of said 2007 MINI Cooper, plus services fee, sales tax, title, loan filing, license plate, and electronic title/license plate filing fees, all amounts paid at the point of sale, all collateral costs and all other amounts paid after sale for improvements/accessories, as applicable, and twice the amount of all pecuniary losses incurred heretofore or hereafter, as all these terms are defined and intended in sec. 218.0171, Wis. Stats; that in the alternative, for a money judgment in favor or the Plaintiff for all damages suffered because of the failure to repair and twice the amount of all pecuniary losses incurred heretofore or hereafter, as all these terms are defined in sec. 218.0171, Wis. Stats;

(b) For a refund or damages pursuant to 15 U.S.C. 2301, et seq.;

(c) For rescission of the Purchase Agreement;

(d) For prejudgment interest on all liquidated sums as provided by law;

(e) For the Plaintiff's actual reasonable attorney fees;

8

(f) For the costs and disbursements incurred in this action; and

(g) For such other relief as the Court deems just and equitable.

Dated this 4th day of January, 2011.

        AIKEN & SCOPTUR, S.C.
        Attorneys for Plaintiff

By: _____
        VINCENT P. MEGNA
        State Bar No. 1013041
        SUSAN M. GRZESKOWIAK
        State Bar No. 1031586

**MAILING ADDRESS**
2600 N. Mayfair Road
Suite 1030
Milwaukee, WI 53226
Phone No. (414) 225-0260
Fax No. (414) 225-9666

| STATE OF WISCONSIN | CIRCUIT COURT | WAUKESHA COUNTY |

TAMMY A. MCCORMACK,
W396 S10866 Shearer Road
Eagle, Wisconsin 53119,

    Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC, d/b/a MINI,
a foreign corporation,
300 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07677,

    and

INTERNATIONAL AUTOS, INC.,
a foreign corporation,
2400 South 108th Street
West Allis, Wisconsin 53227,

    Defendants.

**09CV00588**

**COMPLAINT**
Case No.
Code No. 30703
Unclassified

The amount claimed is greater than the amount under sec. 799.01(1)(d), Wis. Stats.

CLERK OF COURTS

FEB 1 2 2009

THIS IS AN AUTHENTICATED COPY OF AN ORIGINAL DOCUMENT FILED IN THE CLERK OF COURTS OFFICE WAUKESHA COUNTY.

NOW COMES the above-named Plaintiff, by her attorneys, Aiken & Scoptur, S.C., and as and for claims against the above-named defendants, alleges and shows to the Court as follows:

FIRST CLAIM

As and for a claim against the defendant, BMW of North America, LLC, d/b/a MINI, the Plaintiff alleges:

1. That the Plaintiff, Tammy A. McCormack, is an adult residing at W369 S10866 Shearer Road, Eagle, Wisconsin 53119; that said Plaintiff is a "consumer," as that term is defined in sec. 218.0171(1)(b), Wis. Stats. and sec. 15 U.S.C. 2301(3).

1

2. That upon information and belief, the defendant, BMW of North America, LLC, d/b/a MINI ("MINI"), is a foreign corporation duly authorized and licensed to do business in the State of Wisconsin and is engaged in the manufacture and sale of motor vehicles, including new motor vehicles, through its duly authorized dealers in the State of Wisconsin and elsewhere; that upon information and belief, its principal offices are located at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677; that the registered agent for said defendant in the State of Wisconsin is C T Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin 53717; that said defendant is a "manufacturer," as that term is defined in sec. 218.0171(1)(c), Wis. Stats., and a "warrantor," as that term is defined in sec. 15 U.S.C. 2301(5).

3. That upon information and belief, the defendant International Autos, Inc. ("International Autos"), is a foreign corporation duly authorized and licensed to do business in the State of Wisconsin with its principal place of business located at 2400 South 108th Street, West Allis, Wisconsin 53227; that the registered agent for said defendant is Thomas H. Dexter, 2400 South 108th Street, West Allis, Wisconsin 53227; that upon information and belief, the defendant International Autos, was at all times material hereto, an authorized "motor vehicle dealer," as that term is defined in sec. 218.0171(1)(e), Wis. Stats., a "supplier" and/or "warrantor," as those terms are defined in sec. 15 U.S.C. 2301(4) and sec. 15 U.S.C. 2301(5), and an agent of the manufacturer, the defendant MINI.

4. That on or about March 11, 2008 the Plaintiff purchased from the defendant, International Autos, a 2008 MINI Cooper, vehicle identification number

2

WMWMF335X8TU65448, as more fully set forth in copies of the Motor Vehicle Purchase Contract and Wisconsin Title & License Plate Application which are attached hereto, incorporated by reference herein and collectively marked as Exhibit A; that the Plaintiff received delivery of said 2008 MINI Cooper on or about March 26, 2008; that said 2008 MINI Cooper is a "motor vehicle," as that term is defined in sec. 218.0171(1)(d), Wis. Stats., and a "consumer product," as that term is defined in sec. 15 U.S.C. 2301(1).

5. That upon information and belief, the full purchase price of said 2008 MINI Cooper was $18,818.00, including service fees of $118.00, plus sales tax in the sum of $500.72, plus title, loan filing, and electronic title/license plate filing fees in the sum of $93.00, plus GAP insurance in the sum of $555.00, plus possible other charges; that upon information and belief, the Plaintiff made a cash down payment in the sum of $2,000.00, received a trade-in allowance in the sum of $9,000.00, and financed the balance of said purchase price.

6. That a MINI new vehicle manufacturer's warranty was provided by the defendant, MINI, to the Plaintiff at time of said purchase; that as part of said purchase, said 2008 MINI Cooper was warranted in writing to be free from mechanical and other defects.

7. That during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, said 2008 MINI Cooper was out of service for more than 30 days because of warranty nonconformities; that conditions or defects included, but were not necessarily limited to, problems with fuel

3

gauge inaccurate, range inaccurate, fuel gauge reads nearly full but car is very low on gas, tank at about half full but gauge reads ¾ full, recalibration, vehicle driven 500 miles and gas gauge only went down two bars, internal intermittent failure in speedometer instrument cluster, interrogating fault memory, faulty cluster, vehicle driven 410 miles and only one bar went off on gas gauge, fuel sending unit, passenger window won't go up, internal short, passenger window motor, and window one-touch inop.

8. That upon information and belief, during the term of said warranty, and within the earlier of one year from the date of delivery or the expiration of said warranty, said 2008 MINI Cooper has been the subject of four unsuccessful attempts to repair the same warranty nonconformity (or nonconformities) as that term is defined in sec. 218.0171(1)(f), Wis. Stats.; that upon information and belief, the warranty nonconformity or nonconformities continued thereafter.

9. That on January 9, 2009 the Plaintiff sent notice to the defendant MINI, of such conditions or defects and demanded that the defendant, MINI, accept the return of said 2008 MINI Cooper and provide the Plaintiff with a refund calculated in accordance with the Lemon Law; said Notice was received by the defendant, MINI, on January 12, 2009; that a true and accurate copy of said notice is attached hereto, incorporated herein by reference and marked as Exhibit B.

10. That despite said notice, the defendant, MINI, failed or refused to provide the appropriate relief provided for the by the Lemon Law sought by the Plaintiff in a timely manner without imposing conditions not required by the Wisconsin Lemon Law.

11. That upon information and belief, no certified informal dispute settlement procedure, as defined in sec. 218.0171(4), Wis. Stats., is available to the Plaintiff; that consequently, the Plaintiff may bring this action pursuant to sec. 218.0171, Wis. Stats.

12. That since said 2008 MINI Cooper has been out of service a total of thirty (30) or more days due to warranty nonconformities, the defendant, MINI, violated sec. 218.0171, Wis. Stats., entitling the Plaintiff to the choice of either a comparable new motor vehicle or rescission of the afore-described purchase agreement, and the refund of all the monies described herein that were paid by the Plaintiff, together with all other relief provided for by such law; that alternatively, since said 2008 MINI Cooper was made available on at least four occasions for the repair of the same warranty nonconformity (or nonconformities) that substantially impairs the use, value or safety of said 2008 MINI Cooper, and the warranty nonconformity (or nonconformities) continued thereafter, the defendant, MINI, has violated sec. 218.0171, Wis. Stats., entitling the Plaintiff to the choice of either a comparable new motor vehicle or rescission of the afore-described purchase agreement, and the refund of all monies described herein that were paid by the Plaintiff, together with all other relief provided for by such law.

## SECOND CLAIM

As and for an alternative claim against the defendants, the Plaintiff alleges:

13. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained above in paragraphs 1 through 12, inclusive, as if fully set forth herein.

5

14. That the defendants obligated themselves under the terms of a written warranty or warranties and/or under the terms of a written inspection form to perform warranty service and to perform repairs within a stated period.

15. That upon information and belief, the defendants failed to remedy defects or malfunctions within a reasonable time with said 2008 MINI Cooper during the warranty period; that the problems experienced by the Plaintiff with her 2008 MINI Cooper during the warranty period included, but were not necessarily limited to, problems with fuel gauge inaccurate, range inaccurate, fuel gauge reads nearly full but car is very low on gas, tank at about half full but gauge reads ¾ full, recalibration, vehicle driven 500 miles and gas gauge only went down two bars, internal intermittent failure in speedometer instrument cluster, interrogating fault memory, faulty cluster, vehicle driven 410 miles and only one bar went off on gas gauge, fuel sending unit, passenger window won't go up, internal short, passenger window motor, and window one-touch inop; that upon information and belief, the defendants violated the terms of an express warranty or warranties granted to the Plaintiff.

16. That upon information and belief, the Plaintiff's 2008 MINI Cooper failed to conform with a warranty or warranties provided by the defendants; that further, the defendants have failed to comply with their obligations under a written warranty or warranties and/or an applicable implied warranty or warranties.

17. That the defendants have violated the terms of the Magnuson-Moss Warranty Act – Federal Trade Commission Improvement Act, 15 U.S.C. 2301 et seq.

18. That upon information and belief, no informal dispute settlement procedure, as defined in sec. 15 U.S.C. 2310, is available to the Plaintiff; that consequently, the Plaintiff may bring this action pursuant to sec. 15 U.S.C. 2310(d).

19. That since the defendants have violated the Magnuson-Moss Warranty Act – Federal Trade Commission Improvement Act, 15 U.S.C. 2301 et seq., the Plaintiff is entitled to a refund or damages as described therein together with all other relief provided for by such law.

WHEREFORE, the Plaintiff demands judgment against the defendants as follows:

(a) For a refund to the Plaintiff and any holder of a perfected security interest in the 2008 MINI Cooper that is the subject of this matter of the full purchase price of said 2008 MINI Cooper, plus services fee, sales tax, title, loan filing, and electronic title/license plate filing fees, all amounts paid at the point of sale, all collateral costs and all other amounts paid after sale for improvements/accessories, as applicable, and twice the amount of all pecuniary losses incurred heretofore or hereafter, as all these terms are defined and intended in sec. 218.0171, Wis. Stats;

(b) For a refund or damages pursuant to 15 U.S.C. 2301, et seq.;

(c) For rescission of the Purchase Agreement;

(d) For prejudgment interest on all liquidated sums as provided by law;

(e) For the Plaintiff's actual reasonable attorney fees;

(f) For the costs and disbursements incurred in this action; and

(g) For such other relief as the Court deems just and equitable.

Dated this 12th day of February, 2009.

                                  AIKEN & SCOPTUR, S.C.
                                  Attorneys for Plaintiff

                            By: _____
                                  VINCENT P. MEGNA
                                  State Bar No. 1013041
                                  SUSAN M. GRZESKOWIAK
                                  State Bar No. 1031586

<u>MAILING ADDRESS</u>
2600 N. Mayfair Road
Suite 1030
Milwaukee, WI 53226
Phone No. (414) 225-0260
Fax No. (414) 225-9666