UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES MICHAEL LEASING COMPANY, LLC,
a Wisconsin Limited Liability Company,

      Plaintiff,

      vs.                                        Case No. 11-CV-00747

PACCAR INC.,
d/b/a Kenworth Truck Company,
a foreign corporation,

      Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR APPELLATE ATTORNEY FEES AND COSTS

### Summary of Plaintiff's Request

The plaintiff seeks an award of its costs and reasonable attorney fees incurred for time spent on appeal. The Seventh Circuit Court of Appeals denied each of the defendant's arguments on appeal and affirmed the judgment in its entirety. Accordingly, the plaintiff prevailed on every issue raised on appeal.

Consistent with the Court of Appeals' decision and the Wisconsin Lemon Law, the plaintiff seeks an award of its attorney fees and costs from July 31, 2013, the date of the plaintiff's last fee submission, to the present for the time incurred successfully defending the plaintiff's judgment on appeal. As the prevailing party under the Court of Appeals' decision, the plaintiff is entitled to recover the appellate attorney fees it incurred as its claims arise out of the Wisconsin Lemon Law, sec. 218.0171, Wis. Stats., which

includes a fee-shifting provision. See Kilian v. Mercedes-Benz USA, LLC, 2011 WI 65, ¶ 60, 335 Wis. 2d 566, 799 N.W.2d 815 (2011); Chmill v. Friendly Ford-Mercury of Janesville, Inc., 144 Wis. 2d 796, 809, 424 N.W.2d 747 (Ct. App. 1988).

Given the prior ruling on attorney fees, the reasonable hourly rates of plaintiff's counsel have already been approved by the Court. An upward adjustment to their current hourly rates is appropriate due to the delay in payment. This Court must decide how much of an upward adjustment to the hourly rates previously awarded is warranted and determine the reasonable number of hours to be awarded to the plaintiff.

## Costs

The plaintiff incurred costs related to the appellate proceedings and as the prevailing party under sec. 218.0171(7), Wis. Stats., the plaintiff is entitled to recover its costs and disbursements as well as any other reasonable expenses incurred in course of the litigation. See Kilian v. Mercedes-Benz USA, LLC, 2011 WI 65, ¶54, 335 Wis. 2d 566, 799 N.W.2d 815 (2011). See also Chmill v. Friendly Ford-Mercury of Janesville, Inc., 154 Wis. 2d 407, 453 N.W.2d 197, n.2 (Ct.App. 1990).

The plaintiff has incurred litigation costs as follows (documentation supporting the same is attached as Exhibit A to the Affidavit of Vincent P. Megna filed herewith):

| | |
|---|---|
| Copies | $441.50 |
| Postage | $11.92 |
| Fax | $3.00 |
| FedEx | $65.73 |

| | |
|---|---|
| Travel to Chicago for Oral Argument | $104.88 |
| Westlaw charges | $ 278.88 |
| **TOTAL COSTS** | **$905.91** |

The plaintiff is entitled to recover $905.91 for its costs in addition to its statutory costs of $131.40 taxed by the Court of Appeals.

### Attorney Fees

The Court's primary focus in awarding the plaintiff's appellate attorney fees is to determine the number of hours reasonably expended on appeal. The hourly rates to be applied to plaintiff's counsels' time is not a significant issue based upon the Court's prior ruling. At a minimum the fees presently at issue should be awarded at the rates approved by the Court in 2013. The Court carefully considered affidavits of attorneys submitted by both plaintiff and defendant as well as the Court's experience and knowledge of hourly rates. The Court provided a detailed analysis in arriving at its determination of the reasonable hourly rates for plaintiff's counsel. The Court approved rates for plaintiff's counsel of $375 for Attorney Megna, $340 per hour for Attorney Grzeskowiak and $125 per hour for paralegal time. (See p. 8 of Document 79).

The Court's only consideration regarding the hourly rate to be applied to the present fee request is how much of an increase should be applied to the hourly rates approved by the Court in October of 2013 to account for the delay in payment. *See* Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463, 2469 (1989).

ANALYSIS OF SEC. 814.0145(1), WIS. STATS., FACTORS

As the Court noted in its prior fee decision, an award of reasonable attorney fees is to be arrived at using the lodestar method. (See p. 5 of Document 79). Section 814.0145, Wis. Stats., was recently enacted by the Wisconsin legislature to provide guidelines for courts to utilize in awarding attorney fees pursuant to fee-shifting statutes like the Wisconsin Lemon Law. The factors a court may consider to adjust an attorney fee award arrived at using the lodestar method are set forth in sec. 814.0145(1), Wis. Stats.

A) Time and Labor Required by the Attorney

All of the time spent by plaintiff's counsel subsequent to entry of judgment for the plaintiff was necessitated by the defendant. The defendant chose to appeal and pursue numerous issues. If the defendant would not have appealed, this case would have ended with the judgment entered in December of 2013. However, plaintiff's counsel had to expend a significant amount of time defending the plaintiff's judgment on appeal. Plaintiff's counsel had to spend time researching, briefing and preparing for oral argument. Now plaintiff's counsel is required to incur additional time seeking payment of their appellate attorney fees.

Plaintiff's counsel successfully defended the plaintiff's judgment on appeal and achieved a total victory for the plaintiff in this case. Plaintiff's counsel spent only the time necessary to obtain a winning resolution for the plaintiff. Plaintiff's counsel has provided substantial detail as to what was done, by whom, when, how long it took to perform each task, and the amounts charged/accrued accordingly. (See Exhibit B to the

Affidavit of Vincent P. Megna). Given the exceptional result obtained for the plaintiff, the time spent by plaintiff's counsel was more than reasonable.

B) <u>The Novelty and Difficulty of the Questions Involved in the Action</u>

The issues presented throughout this case and on appeal were unique. The defendant's primary dispute was the amount of the reasonable use allowance to be deducted from the plaintiff's refund under the Lemon Law. This issue arose prior to the lawsuit and continued to be a point of contention through the appeal. In a typical Wisconsin Lemon Law case, the reasonable use allowance is not in dispute and is arrived at using the statutory formula.

Another unusual issue was the defendant's interpretation of the pecuniary loss to be awarded to the plaintiff. The defendant challenged that the purchase price of the plaintiff's vehicle was included in its pecuniary loss and argued that the plaintiff's pecuniary loss was limited to the difference between the parties' calculated reasonable use allowances. The defendant also argued that including the purchase price in the plaintiff's damages was unconstitutional. Again, the inclusion of the purchase price in the consumer's pecuniary loss is not in dispute in a typical Wisconsin Lemon Law case.

Prevailing on the issues raised by the defendant on appeal was important not only to the plaintiff, but all Wisconsin consumers. The Court of Appeals' decision affirming the plaintiff's judgment and denying the defendant's various arguments will have statewide impact in future Lemon Law cases.

C)   The Skill Requisite to Perform the Legal Service Properly

Automobile warranty litigation is a unique area of law that few attorneys are familiar with or specialize in. Attorney Megna has handled consumer automobile warranty claims almost exclusively for 24 years and Attorney Grzeskowiak has done so for more than 13 years. During that time, they have developed expertise in this area and established an outstanding reputation.

In fact, the Court noted their expertise in its prior fee decision: "Attorneys Megna and Grzeskowiak are Wisconsin Lemon Law experts and are very experienced litigators." (See page 8 of Document 79). Plaintiff's counsel has specialized knowledge regarding the Wisconsin Lemon Law that enabled them to achieve a total victory the plaintiff. There are few attorneys who have the requisite skill to pursue the plaintiff's claims and even fewer who have the expertise to achieve the excellent result obtained by plaintiff's counsel.

D)   The Likelihood that Acceptance of the Case Precluded Other Employment by the Attorney

This factor is not applicable to this case; had we not been working on this case, we would have been working on other consumer cases.

E)   The Fee Customarily Charged in the Locality for Similar Legal Services

The Court's prior fee decision, as well as the parties' prior briefing on attorney fees, addressed this issue in detail. As noted above, at a minimum, the hourly rates of plaintiff's counsel previously approved by the Court should be applied to the present fee

request. However, based upon the delay in payment, plaintiff's counsel is entitled to be awarded their appellate attorney fees at their current hourly rates.

Due to the delay in payment, plaintiff's counsel should be compensated at their current hourly rates in accordance with the United States Supreme Court's decision in Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463 (1989). In Jenkins, the U.S. Supreme Court reviewed the appropriate method of awarding attorney fees under a fee-shifting statute: "First is the matter of delay. When plaintiffs' entitlement to attorney's fees depends on success, their lawyers are not paid until a favorable decision finally eventuates, which may be years later…. Meanwhile, their expenses of doing business continue and must be met. In setting fees for prevailing counsel, the courts have regularly recognized the delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value." Id., 491 U.S. at 282, 109 S.Ct. at 2468.

The Supreme Court recognized that compensation received several years after the services were rendered is not equivalent to the same dollar amount received promptly as the services are performed and found that an adjustment for delay in payment was appropriate. Id., 491 U.S. at 283, 109 S.Ct. at 2469. The U.S. Supreme Court went on to note that if attorneys were not provided compensation for the delay in payment, the prospect of such hardship could well deter otherwise willing attorneys from accepting cases that might offer great benefit to society at large and would result in defeating the purpose of enacting laws which encourage enforcement of laws through lawsuits by private persons. Id., 491 U.S. at 284, 109 S.Ct. at 2469, n. 6.

The principles noted by the U.S. Supreme Court in <u>Jenkins</u> apply to an award of attorney fees under sec. 218.0171(7), Wis. Stats. The Wisconsin Lemon Law is a consumer protection statute that allows consumers to act as "private attorney generals" by enforcing the law through actions brought by individuals with the assistance of their own counsel. Attorneys willing to represent consumers in such actions must be adequately compensated, including compensation for delay in payment, to ensure that consumers continue to have representation.

As with the prior fee award, plaintiff's counsel has aggressively represented the plaintiff without receiving any payment whatsoever. The plaintiff's and its attorneys have waited more than a year for resolution of the defendant's appeal. Awarding plaintiff's counsel attorney fees based upon their current hourly rates to compensate for delayed payment is more than fair and reasonable.

Further, since the Court's prior fee award, plaintiff's counsel were awarded attorney fees at their 2014 hourly rates: $490 per hour for Attorney Aiken, $395 per hour for Attorney Megna, $345 per hour for Attorney Grzeskowiak, and $155 per hour for paralegal time. (See Exhibit C and Para. 5 of the Affidavit of Vincent P. Megna). The attorney fees included in the present request should be awarded at their current hourly rates consistent with the law of awards in fee-shifting cases.

F) <u>The Amount of Damages Involved in the Action</u>

The amount at issue on appeal was substantial. The plaintiff was forced to defend its judgment of $536,280.90. (See Document 82). If the defendant would have prevailed on some or all of the various issues raised on appeal, the plaintiff's damages could have

been reduced or even entirely eliminated. There was a huge amount at stake for the plaintiff on appeal.

G) <u>The Results Obtained in the Action</u>

The result obtained by the plaintiff was outstanding. The plaintiff defeated all of the issues raised on appeal by the defendant as the Court of Appeals' decision affirmed the plaintiff's judgment in its entirety. Despite the defendant's tenaciousness and the amount at risk for the plaintiff, the plaintiff could not have possibly obtained a better result. The plaintiff was awarded the full amount of damages available under the Wisconsin Lemon Law and now stands to recover the full judgment plus a significant amount of interest.

H) <u>The Time Limitations Imposed by the Client or Circumstances of the Action</u>

This factor is not applicable as the time requirements were somewhat typical for a civil appeal and there were no special circumstances regarding time limitations.

I) <u>The Nature and Length of the Attorney's Professional Relationship with Client</u>

This is the first case that counsel worked on for the plaintiff and no continued representation of plaintiff is anticipated. No discount of the fees based on the anticipation of other legal work from the plaintiff is appropriate.

J) <u>The Experience, Reputation, and Ability of the Attorney</u>

The experience and ability of plaintiff's counsel was previously addressed by the Court in 2013. The Court recognized that Attorneys Megna and Grzeskowiak are Wisconsin Lemon Law experts. (See p. 8 of Document 79). The result obtained by plaintiff's counsel on appeal further demonstrates their ability and expertise.

K)   Whether the Fee is Fixed or Contingent

Plaintiff's counsel agreed to look to the defendant for payment of their attorney fees and costs pursuant to the Wisconsin Lemon Law. (See Para. 3 of the Affidavit of Vincent P. Megna). This meant that plaintiff's attorneys were working on a form of a contingent fee where anything but a victory would mean that they worked for free. They took on this action with the substantial risk that no payment would ever be gained. If the plaintiff had not prevailed, plaintiff's counsel would have received nothing.

L)   The Complexity of the Case

As set forth above in Section B: The Novelty and Difficulty of the Questions Involved in the Action, this was not a typical Lemon Law case. There were many legal issues raised by each of the parties, some of which have not specifically been addressed by the higher courts of Wisconsin. Given the complexity of this case, there was a risk that the plaintiff's judgment could have been vacated and the plaintiff would have ended up owing the defendant costs.

M)   Awards of Costs and Fees in Similar Cases

The Court previously considered awards in similar cases and noted that rates awarded in similar cases are evidence of an attorney's reasonable rates. (See p. 7 of Document 79). As reflected above, since this Court's prior fee decision in October of 2013, plaintiff's counsel has been awarded attorney fees at higher hourly rates.

The most recent fee award to plaintiff's counsel was in <u>Klismet's 3 Squares, Inc. v. Navistar, Inc.</u>, Waupaca County Circuit Court Case No. 12-CV-323. Similar to this case, Klismet was a Wisconsin Lemon Law action involving a heavy duty truck. After a

bench trial, the Court awarded 100% of the hours requested by plaintiff's counsel. The total fees awarded were $189,362.75, representing 66.35 hours of Attorney Megna's time at $395/hour, 435.20 hours of Attorney Grzeskowiak's time at $345/hour, 21.25 hours of Attorney Aiken's time at $400/hour, and 29.1 hours of Paralegal Kandziora's time at $155/hour. (See Exhibit C to the Affidavit of Vincent P. Megna).

Another recent fee award to plaintiff's counsel was in Eades v. Ford Motor Company, Waukesha County Circuit Court Case No. 12-CV-02984, where the Court awarded fees for Attorney Megna, Attorney Grzeskowiak, and Paralegal Kandziora at our 2014 hourly rates, which are the same hourly rates requested herein. Attorney Aiken was awarded his time at his 2014 hourly rate of $490. (See Para. 5 to the Affidavit of Vincent P. Megna).

In addition, the trial court's decision in Marquez v. Mercedes-Benz USA, LLC, Waukesha County Circuit Court Case No. 05-CV-2885, supports the reasonableness of the fees requested by plaintiff's counsel for the time incurred on appeal. (See Exhibit D to the Affidavit of Vincent P. Megna). Similar to this case, the trial court awarded attorney fees to plaintiff's counsel prior to an appeal by the vehicle manufacturer. After the Wisconsin Court of Appeals certified the case to the Wisconsin Supreme Court, the consumer ultimately prevailed on all issues. Upon remand, the trial court awarded plaintiff's counsel a total of $246,771.10 in appellate attorney fees, which included an enhancement and upward adjustment of 20%, for the time spent successfully litigating the appeal. (See p. 19 of Exhibit D to the Affidavit of Vincent P. Megna).

N)      The Legitimacy or Strength of Any Defenses or Affirmative Defenses Asserted

The defendant and its attorneys battled against the plaintiff from the outset. The defendant aggressively fought against the plaintiff's claims from the beginning. Throughout the proceedings, the defendant asserted that it did not violate the Wisconsin Lemon Law and maintained that the plaintiff was not entitled to any Lemon Law relief.

The defendant chose to pursue its defenses beyond the district court to the court of appeals. The plaintiff was forced to defend its judgment on appeal and was ultimately victorious. However, if the defendant would have prevailed on appeal, the plaintiff's judgment could have been vacated or substantially reduced.

## Appellate Fees Requested

The plaintiff's request for attorney fees herein seeks payment of 151.4 hours of legal work accrued herein (through December 10, 2014), for a total of $52,789.50. The details of these items of fees are included within Exhibit B to the Affidavit of Vincent P. Megna in the form of computer print-outs which include the date the work was performed, who performed the work (TJA = Timothy J. Aiken, VPM = Vincent P. Megna, SMG = Susan M. Grzeskowiak, and EEK = Erin E. Kandziora), what work was done, and how long work took to perform (maintained at 1/10 and 1/4 hour increments).

The plaintiff's request for attorney fees in the sum of $52,789.50 is based upon the following:

| Timekeeper | Rate | Hours | Total Fee |
|---|---|---|---|
| Erin E. Kandziora | $155 | 10.9 | $1,689.50 |

| | | | |
|---|---|---|---|
| Susan M. Grzeskowiak | $345 | 100.3 | $34,603.50 |
| Vincent P. Megna | $395 | 33.70 | $13,311.50 |
| Timothy J. Aiken | $400 | 6.5 | $2,600.00 |
| | TOTAL: | 151.4 | $52,204.50 |

The plaintiff's request includes the time incurred to date preparing this motion for costs and attorney fees. If counsel is required to expend additional time regarding the fee request, the plaintiff must also be awarded payment for the attorney fees incurred. *See* Chmill v. Friendly Ford-Mercury of Janesville, Inc., 154 Wis. 2d 407, 414, 453 N.W.2d 197, 200 (Ct.App. 1990). *See also* Lynch v. Crossroads Counseling Center, Inc., 2004 WI App 114, 275 Wis. 2d 171, 195, 684 N.W.2d 141, 152 (Ct.App. 2004); Thompson v. Village of Hales Corners, 115 Wis. 2d 289, 308-309, 340 N.W.2d 704, 713-714 (1983); Bettendorf v. Microsoft Corp., 2010 WI App 13, 323 Wis. 2d 137, 159, 779 N.W.2d 34, 45-46 (Ct.App. 2010).

We submit that the plaintiff's request for attorney fees is reasonable considering the circumstances of this case. We respectfully request that the attorney fees be awarded in the amount sought herein.

### Summary

Based upon the above, in summary, we believe that the plaintiff is entitled to an award of the following costs and attorney fees incurred in successfully defending against the defendant's appeal:

Costs                                                $905.91

Attorney Fees (through December 10, 2014)**\***        $52,204.50

**\***Continue to accrue as additional work becomes necessary.

Dated this  10th  day of December, 2014.

                     Attorneys for Plaintiff

                By:    s/Susan M. Grzeskowiak
                     TIMOTHY J. AIKEN
                     State Bar. No.  1015763
                     VINCENT P. MEGNA
                     State Bar No. 1013041
                     SUSAN M. GRZESKOWIAK
                     State Bar No. 1031586
                     Aiken & Scoptur, S.C.
                     2600 N. Mayfair Rd., Suite 1030
                     Milwaukee, WI 53226
                     Phone No. (414) 225-0260
                     Fax No. (414) 225-9666
                     Email: tim@aikenandscoptur.com
                           vince@aikenandscoptur.com
                           susan@aikenandscoptur.com