# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES MICHAEL LEASING CO., LLC,**
          Plaintiff,

    v.                                      Case No. 11-C-0747

**PACCAR INC., d/b/a Kenworth Truck Company,**
          Defendant.

## DECISION AND ORDER

The plaintiff filed this action under the Wisconsin Lemon Law, Wis. Stat. § 218.0171, and obtained a judgment against the defendant in the amount of $536,280.90. The defendant appealed, and the court of appeals affirmed. Before me now is the plaintiff's motion for recovery of the attorneys' fees and costs that it incurred from July 31, 2013 until the present. These fees and costs were incurred primarily in the course of defending the plaintiff's judgment on appeal. The defendant does not dispute the amount of costs the plaintiff has requested and does not dispute that, under the Lemon Law, plaintiff is entitled to recover reasonable attorneys' fees for work performed since July 2013. However, the defendant contends that the amount of attorneys' fees requested is unreasonable.

In a prior order, I considered the plaintiff's request for attorneys' fees for work performed before the defendant appealed. See James Michael Leasing Co. v. PACCAR, Inc., No. 11-C-0747, 2013 WL 5771156 (Oct. 24, 2013). In that order, I identified the general legal standards applicable to a request for reasonable attorneys' fees under the Wisconsin Lemon Law, and I will apply those same standards here. In short, I must apply

the "lodestar" method, under which I multiply a reasonable hourly rate by the number of hours reasonably expended on the case.

Plaintiff requests fees in the amount of $60,724.50 for work performed by its attorneys through the filing of its reply brief in support of its motion for appellate attorneys' fees. This includes work performed by three attorneys (Vincent Megna, Susan Grzeskowiak, Timothy Aiken) and one paralegal (Erin Kandziora). In my prior order, I determined that the time spent by the third attorney, Aiken, was unreasonable because the plaintiff had failed to explain why it hired a third attorney, who charged a much higher rate than the other two attorneys, simply to have him review the work of the other two attorneys. In its current fee petition, plaintiff seeks payment for 6.5 hours of Aiken's time at a rate of $400 per hour, which is significantly less than the rate of $495 plaintiff sought for Aiken's time in the prior motion. Plaintiff explains that Aiken has significant appellate experience in automobile warranty cases that the other two attorneys lacked, and that therefore his input was reasonably sought on appeal. I am satisfied with this explanation and conclude that involving Aiken in the appeal was reasonable.

The defendant contends that the hourly rates charged by the attorneys and paralegal are unreasonable. In my prior order, I found that the rate of $375 was reasonable for Megna, that $340 was reasonable for Grzeskowiak, and that $125 was reasonable for Kandziora. In the current fee petition, plaintiff contends that hourly rates of $400 for Aiken, $395 for Megna, $345 for Grzeskowiak, and $155 for Kandziora are reasonable. A Wisconsin trial court has, in a similar case, found these exact rates to be reasonable. See Megna Aff. Ex. C, ECF No. 94-3. As I noted in my prior order, "rates awarded in similar cases are clearly evidence of an attorney's market rate." People Who

Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1312 (7th Cir. 1996). Based on this evidence, and also after consideration of the other factors Wisconsin deems relevant to the determination of a reasonable fee, see Wis. Stat. § 814.045(1), I conclude that the rates requested in the current fee petition are reasonable.

Finally, the defendant challenges the reasonableness of the number of hours spent. It identifies various time entries that it believes are either charges for administrative tasks that should not have been performed by an attorney or a paralegal, charges for work that was unnecessary, or charges that are duplicative. I have reviewed these time entries and conclude that they represent charges for time that the attorneys and paralegal reasonably expended on the case. Accordingly, I will not reduce the number of hours claimed and will grant the fee petition in full.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for appellate attorneys' fees and costs is **GRANTED**. The plaintiff shall recover an additional $905.91 in costs and $60,724.50 in attorneys' fees from the defendant.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge